UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

U.S. BANK NATIONAL
ASSOCIATION, not in its individual
capacity but solely as trustee for the
RMAC TRUST, SERIES 2016-CTT,

    Plaintiff,

v.

GLORIA HELLER, et al.,

    Defendants.

No. 5:22-CV-093-H

## FINAL DEFAULT JUDGMENT

The Court issues this final default judgment in accordance with its Order granting U.S. Bank's Motion for Default Judgment and pursuant to Federal Rule of Civil Procedure 58. The Court thus renders default judgment in favor of U.S. Bank, and the following are ordered, adjudged, and decreed:

1. The material allegations of the Complaint are deemed admitted as to Gloria Heller (the Defendant).

2. An event of default has occurred on the Loan Repayment and Security Agreement in the principal amount of $81,789.56 (the Note) originally payable to Beneficial Texas, Inc. (Beneficial) as lender on a loan secured by the Property, executed by Rosita A. Blair (the Borrower).

3. The Mortgage executed by the Borrower (the Security Agreement, and together with the Note, the Loan Agreement), recorded in the official public records of Lubbock County, Texas under Document No. 23624 provides that U.S. Bank (the Plaintiff) is the current owner of the Note and mortgagee of the Security Instrument, in the event of a

default on the obligations on the Note, with a lien security interest on that certain real property commonly known as 5624 Amherst Street, Lubbock, Texas 79416, and more particularly described as follows:

> LOT TWO HUNDRED TWENTY-NINE (229), WEST WIND ADDITION TO THE CITY OF LUBBOCK, LUBBOCK COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 1337, PAGE 431, OF THE DEED RECORDS OF LUBBOCK COUNTY, TEXAS.

(The Property).

4. The Plaintiff is the current legal owner and holder of the Note and beneficiary of the Security Instrument. The Plaintiff is also a mortgagee as that term is defined in Section 51.0001(4) of the Texas Property Code.

5. The following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest at the Note interest rate of 8.638%; post-judgment interest at the federal rate pursuant to 28 U.S.C. § 1961; and costs of court.

6. The Plaintiff or its successors or assigns, may proceed with non-judicial foreclosure of the Defendant's interest in the Property as provided in the Security Instrument and Section 51.002 of the Texas Property Code.

7. Should the Plaintiff proceed with foreclosure on the Property, then the purchaser at the foreclosure sale will be vested with all of the Defendant's interest, rights, and title in the Property.

8. The Plaintiff may communicate with the Defendant and all third parties as reasonably necessary to conduct the foreclosure sale.

9. All costs are to be taxed against the Defendant as a further obligation of the debt, and not as a personal judgment against the Defendant.

10. Upon the entering of the agreed partial judgment and this final default judgment, all claims between the Plaintiff and all of the defendants are fully and finally resolved.

Any relief not specifically granted in this judgment is denied. This judgment is final and appealable.

So ordered on March 21, 2023.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE